UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:22-cr-00183 |
| | : | |
| | : | |
| V. | : | |
| | : | (JUDGE CHUTKAN) |
| | : | |
| MICHAEL POMEROY | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S POSITION REGARDING SENTENCING**

COMES NOW, the Defendant herein, Michael Pomeroy (henceforth referred to as Mr. Pomeroy), through undersigned counsel, and pursuant to Fed. R. Crim. P. 32(i)(3) and 18 U.S.C. § 3553(a), to provide Probation and the Court with relevant information to consider in determining a sentence that is no greater than necessary to achieve the goals of sentencing under § 3553(a) and in response to the Final Presentence Report (henceforth referred to as PSR).

As an initial matter, Mr. Pomeroy pleaded guilty to Count 4 of the Information and stands before this Court accepting his punishment. In providing the Court with this memorandum, he in no way minimizes his conduct as he recognizes and acknowledges the impact his actions had on 6 January 2021.

**Defendant History and Characteristics**

Mr. Pomeroy was born to Edward Pomeroy and Deanna Pomeroy on 28 December 1970 in Harrisburg, Pennsylvania (PSR 7). Mr. Pomeroy is the youngest of seven (7) siblings with whom he was raised alongside. (PSR 8). Mr. Pomeroy's parents divorced when he was eight (8) years of age. (PSR 7). His mother, Deanna, married Samuel McNair, Sr. following her divorce (PSR 8). Mr. Pomeroy and his siblings were primarily raised by their mother and stepfather. Id. Their father did not maintain contact with any of the children following the divorce and died at the age of 58 in 1998. Id.

Mr. Pomeroy's mother worked in the food service industry while his stepfather worked as an automotive mechanic until his death 2006. Id. Mr. Pomeroy also recently lost one of his siblings, Randy Pomeroy, who passed in 2022 at the age of 61. Id.

Mr. Pomeroy has two (2) children, Derek Pomeroy and Falishia Pomeroy, from previous romantic relationships. (PSR 8-9). Mr. Pomeroy divorced Sherri Shatto, Derek's mother, in the early 1990s. (PSR 8). Following their divorce, Ms. Shatto withheld visitation and refused to allow Mr. Pomeroy to have a relationship with his son. Id. Consequently, Mr. Pomeroy has not seen his son since the divorce. Id.

Conversely, Falishia lived with Mr. Pomeroy quite often throughout the course of her childhood. (PSR at 9). He and Falishia's mother, Stacy Danner, have maintained an amicable co-parenting relationship following their separation; a relationship that has enabled him to maintain contact and a good relationship with his daughter. Id.

In 2004 Mr. Pomeroy married his current wife, Cheri Pomeroy. (PSR 8). Mr. and Mrs. Pomeroy do not have any children together. Id.

Mr. Pomeroy has been a Pennsylvania resident since birth. (PSR 9). He has lived in Harrisburg, Mechanicsburg, and Carlisle. Mr. Pomeroy currently calls his late brother's three-bedroom, two-bathroom residence home. Id.

Mr. Pomeroy did not complete a traditional education, as he withdrew from Cumberland Valley High School in Mechanicsburg, Pennsylvania, in ninth-grade and did not obtain his General Education Development (GED) diploma. (PSR 10). Despite this, Mr. Pomeroy managed to have a successful career as a business owner. Id. He created his business, Pomeroy's Homecare, in 2004 and retired in 2018. Id.

Mr. Pomeroy does not have a history of substance abuse. (PSR 9-10).

## Acceptance

Mr. Pomeroy pled guilty to Count 4 of the Information, thereby illustrating acknowledgment of the severity of his crime and acceptance of his guilt.

**PSR Objections**

Mr. Pomeroy expressed objections to the initial PSR that was filed on 17 March 2023. These objections are included in the addendum to the PSR filed by the probation office on 10 April 2023. In these objections, Mr. Pomeroy reserved the right to argue mitigating factors under 18 U.S.C. § 3553(a).

Imposition of a Fine

In the Presentence Report, the probation office suggested the imposition of a fine on Mr. Pomeroy. Due to Mr. and Mrs. Pomeroy's retirement status, the couple has a limited income. Mr. and Mrs. Pomeroy sole income source is Mrs. Pomeroy's fixed pension. In addition, their credit card debt evinces a couple living just above the poverty line in terms of debt-to-income ratio.  An imposition of a fine would be a severe financial burden on Mr. Pomeroy.

Condition of Employment

The probation office listed the conditions of release with which Mr. Pomeroy is to comply. One such condition was that of full-time employment. As noted in the Presentence Report and previously in this memorandum, Mr. Pomeroy has been retired for upward of five (5) years and also had significant physically, limiting injuries that preclude him from maintaining his former construction work in a significant, long-term capacity.

**ARGUMENT**

As this Honorable Court is aware, Section 3553(a) is comprised of two (2) distinct parts: the sentencing mandate contained in the prefatory clause of § 3553(a), and the factors to be considered in fulfilling that mandate. The overriding mandate of § 3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary" to comply with the four (4) purposes of sentencing set forth in § 3553(a): (a) retribution; (b) deterrence; (c) incapacitation; and (d) rehabilitation. United States v. Yeaman, 248 F.3d 223, 237 (3d Cir. 2001).

In determining whether the sentence is sufficient to comply with the § 3553 purposes of sentencing, the Court must consider several factors listed in § 3553(a). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

18 U.S.C. § 3553(a). While district courts must consider the sentencing guideline range, the guidelines do not diminish the other factors in § 3553(a). United States v. Booker, 543 U.S. 220, 245-46 (2005). The "sufficient, but not greater than

necessary" requirement is often referred to as the "parsimony provision." <u>United States v. Ferguson</u>, 456 F.3d 660, 667 (6th Cir. 2006). It is the parsimony provision that serves as the "guidepost for sentencing decisions post-Booker." <u>Id.</u>

In keeping with the sentencing mandate under 18 U.S.C. § 3553(a), which requires this Court to impose a sentence that is "sufficient, but not greater than necessary", mitigating factors that this Honorable Court should take into consideration under § 3553(a) include: (1) the Defense objections to Mr. Pomeroy's PSR and (2) Mr. Pomeroy's personal history.

    1.    <u>Factor 1</u>

To avoid repeating facts that have been discussed exhaustively in cases involving the events 6 January 2021 before Your Honor, this memo will focus on the particular actions of the defendant during and after the events of 6 January 2021. Mr. Pomeroy entered the East wing doors at approximately 1445. He exited the Capitol at approximately 1505. He did not remove any barriers from around the Capitol grounds. He did not interfere with any law enforcement officers while inside the building nor did he interact with any while entering the Capitol. He is not alleged to have engaged in any violence, shouting, sign carrying or other extreme activity while spending the majority of his time in the rotunda area. He did take video and photographs of the events, but is not alleged to have posted any of those images online or engaged in any post crime rhetoric as many have done. Indeed, he does

not even possess social media accounts to which he could have posted the imagery. In short, his activities on 6 January 2021 are consistent with the crime to which he pled guilty, not those of many other defendants charged with more serious felony offenses or even those with which he was charged but is not pleading guilty and which the Government will be requesting dismissal of upon sentencing.

Factors 2-4

The seriousness of the offense as it pertains to the defendant is low- he stands convicted of a misdemeanor offense for which the sentencing guidelines do not even apply.  For Mr. Pomeroy's entire life, until 6 January 2021, he has respected the law and been an otherwise productive member of society.  A criminal conviction with two (2) years of supervision will ensure this is truly an isolated incident.  Mr. Pomeroy has been perfectly compliant with pre-trial supervision as all of his pre-trial reports indicate and he has been on supervision for ten (10) months already. The need to protect the public from Mr. Pomeroy is also very low considering his actions on the day in question as well as his non-existent criminal history.

Factor 5

Mr. Pomeroy is not in need of educational or vocational treatment considering his age and retirement status.  And, his physical limitations would make that difficult.

Factors 6-8

7

The PSR, in conjunction with the Sentencing memorandum from the probation office correctly describe the range of sentences available to the Court and the fact the guidelines do not apply.

<u>Factor 10</u>

Mr. Pomeroy has, through the terms of the plea agreement, agreed to pat $500.00 in restitution.

<u>Additional Personal History/Characteristics</u>

In accordance with § 3553(a), Mr. Pomeroy requests this Honorable Court take his personal history into consideration when sentencing. Mr. Pomeroy and his siblings grew up without a relationship with their biological father. Mr. Pomeroy's parents divorced when he was only eight (8) years of age. Following the separation, his father did not maintain regular contact with Mr. Pomeroy or his siblings. Consequently, Mr. Pomeroy and his siblings were raised by their mother and stepfather, who passed away in 2006. Mr. Pomeroy recently suffered the loss of his brother, Randy Pomeroy. Randy and Mr. Pomeroy maintained a close relationship for the duration of Randy's life. Randy passed away at the age of 61 in 2022.

§5H1.1 of the USSG discusses the consideration of age in a sentencing factor. Mr. Pomeroy is 52 years of age.  In July 2022 the United States Sentencing

Commission published a report titled Older[1] Offenders in the Federal System.[2]   The report indicates there are three factors district courts typically look to when factoring age into a sentence: physical limitations, life expectancy and reduced rates of recidivism. Id. at 7.  There is also an inverse relationship between age and recidivism meaning that the older the offender at sentencing the less likely the re-offend.  Id at 8.  Furthermore, criminal offenders with zero overall criminal history points and no prior contact with the criminal justice system, such as Mr. Pomeroy, have a lower recidivism rate (25.7%) as opposed to overall offenders with zero criminal history points but some prior contact with the criminal justice system (37.4%).[3]   Simply stated, Mr. Pomeroy is not getting into trouble again and has repeatedly expressed a desire to simply live a quiet and peaceful life with his wife.

Mr. Pomeroy agreed to plead guilty early and saved the Government time and expense in preparing for trial.

These personal considerations should be factored into determining his sentence and undersigned counsel respectfully submits warrants a sentence of probation.

---

[1] The study defines "older" as those 50 and older.
[2] United States Federal Sentencing Commission.  https://www.ussc.gov/research/research-reports/older-offenders-federal-system
[3] United States Federal Sentencing Commission. https://www.ussc.gov/research/research-reports/criminal-history-and-recidivism-federal-offenders. March 29, 2018.

WHEREFORE, in light of the foregoing, Mr. Pomeroy respectfully requests that this Honorable Court take into consideration the above requests prior to imposing his sentence. The Court should consider Mr. Pomeroy's personal circumstances. Mr. Pomeroy should be sentenced in accordance with the parsimony provision of § 3553: sufficient, but not greater than necessary to meet the sentencing goals of the statute and that which is consistent with the recommendation from the probation office, which reflects the same.

Respectfully submitted,

CRISP AND ASSOCIATES, LLC

Date: 1 May 2023

/s/Jonathan W. Crisp
Jonathan W. Crisp, Esquire
4031 North Front St.
Harrisburg, PA  17110
I.D. # 83505
(717) 412-4676
jcrisp@crisplegal.com
Attorney for Defendant